**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

**FILED**

**April 19, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **S.J., C.B., S.B., A.B., D.B.-1, and D.B.-2**

**No. 18-0976** (Ohio County 17-CJA-137-JPM, 17-CJA-138-JPM, 17-CJA-139-JPM, 17-CJA-140-JPM, 17-CJA-141-JPM, and 17-CJA-142-JPM)

**MEMORANDUM DECISION**

Petitioner Mother D.B.-3, by counsel Michael B. Baum, appeals the Circuit Court of Ohio County's October 5, 2018, order terminating her parental rights to S.J., C.B., S.B., A.B., D.B.-1, and D.B.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Joseph J. Moses, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights instead of imposing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2017, the DHHR filed an abuse and neglect petition that alleged the parents routinely left the children in the care of others and, during those times, neglected the children by failing to provide them "with the necessary food, clothing, shelter, supervision, medical care or education." The DHHR also alleged that the parents "lack parenting skills, parenting knowledge and motivation" as evidenced by the fact that "they will not, cannot, and/or

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Because two of the children and petitioner share the same initials, we will refer to them as D.B.-1, D.B.-2, and D.B.-3 throughout this memorandum decision.

do not provide proper physical care, protection, supervision and psychological support appropriate to their children's ages and stages of development." The petition further alleged that both parents had extensive criminal histories; petitioner was only recently released from incarceration prior to the proceedings and the father was incarcerated at the time the petition was filed. Because of their repeated incarcerations, the DHHR alleged that the parents abandoned the children. Moreover, the petition included an allegation that at least one child was sexually abused while living with a relative, in addition to the fact that petitioner allowed the abuser around the children after she was made aware of the allegations.

In February of 2018, the circuit court held an adjudicatory hearing during which petitioner stipulated to several allegations in the petition, including that she neglected the children due to her "extensive criminal history, resulting in incarcerations" and that she "exposed her children to inappropriate people." The circuit court accepted petitioner's stipulation and adjudicated the children as abused and neglected.

Thereafter, the circuit court granted petitioner an improvement period. However, in May of 2018 the DHHR moved to terminate petitioner's improvement period because of some positive drug screens and her failure to fully submit to the drug screening process. Additionally, the DHHR alleged that the father committed domestic violence against petitioner, who initially provided a written statement implicating the father but later recanted that statement before admitting that she lied in her recantation. The DHHR alleged that the parents continued to have contact in violation of the father's bond restriction. Ultimately, the circuit court denied the motion in regard to petitioner. However, roughly ten days after the hearing on the DHHR's motion, petitioner was arrested for possession of drugs, including Xanax and cocaine. She additionally tested positive for benzodiazepines and cocaine upon her arrest. As a result, petitioner's probation from a prior conviction was revoked.

In September of 2018, the circuit court held a dispositional hearing. Petitioner was incarcerated at the time and appeared by telephone. She was additionally represented by counsel. During the hearing, petitioner advocated for disposition under West Virginia Code § 49-4-604(b)(5).[2] The circuit court, however, found that petitioner "habitually abused drugs to the extent that proper parenting skills have been seriously impaired" and that she had "not adequately responded to a reasonable family case plan or other rehabilitative effort[s] designed to reduce or prevent [her] abuse and/or neglect of the children." The circuit court further found that termination of petitioner's parental rights was necessary for the children's welfare.

---

[2]Pursuant to West Virginia Code § 49-4-604(b)(5), at disposition a circuit court may "commit the child temporarily to the care, custody, and control of the state department, a licensed private child welfare agency, or a suitable person who may be appointed guardian by the court."

Accordingly, the circuit court terminated petitioner's parental rights to the children. It is from the dispositional order that petitioner appeals.[3]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her parental rights upon erroneous findings and without imposing a less-restrictive dispositional alternative. Specifically, petitioner argues that the evidence did not support findings that there was no reasonable likelihood the conditions that led to the petition's filing could be substantially corrected in the near future; that she did not adequately respond to a reasonable family case plan or other rehabilitative efforts to reduce or prevent the conditions of abuse or neglect; that termination of her parental rights was in the children's best interest; and that disposition under West Virginia Code § 49-4-604(b)(5) was not supported by the evidence. We do not agree.

While petitioner argues that she "made substantial improvements to her life and her ability to parent her children," the record does not support this assertion. It is true that petitioner was permitted an extension of her post-adjudicatory improvement period, but she fails to acknowledge that this extension was not predicated on her alleged "substantial improvements," but, rather, upon the circuit court's finding that her "compliance has not been perfect, but there has been some compliance" during the improvement period. While the circuit court acknowledged some of petitioner's compliance, such as obtaining employment and housing and participating in parenting and adult life skills and visitation, the circuit court also recognized that petitioner continued to screen positive for drugs. Based on the evidence presented at the hearing on the motion to revoke her improvement period, the circuit court found that petitioner's

---

[3]All parents' parental rights to the children have been terminated. According to the parties, the permanency plan for the children is adoption in their current placements, with the exception that thirteen-year-old S.J. may prefer a legal guardianship in her current placement.

compliance did "not mean that she . . . successfully completed her improvement period; just that it [would] not be revoked" at the time of the hearing. Unfortunately, when the circuit court granted petitioner an extension of her improvement period, she was arrested for possession of cocaine and Xanax approximately ten days later and tested positive for cocaine and benzodiazepines upon her arrest.

On appeal, petitioner refers to this incident as a "backslide" and argues that it did not "nullify the positive steps she made in her improvement period." We do not agree, and note instead that this evidence supports the circuit court's finding that there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected in the near future. Pursuant to West Virginia Code § 49-4-604(c)(1), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] habitually abused or [is] addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person . . . [has] not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning.

The record clearly supports the circuit court's finding that petitioner "habitually abused drugs to the extent that proper parenting skills have been seriously impaired," given that she tested positive for drugs during her improvement period and, when granted an extension despite these positive screens, subsequently continued to abuse drugs to the extent that she was arrested for possession of cocaine and Xanax. As such, it is clear that the circuit court did not err in finding that there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected in the near future.[4]

---

[4]Pursuant to West Virginia Code § 49-4-604(c)(3), an additional situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

Although unnecessary given the analysis above, the circuit court's finding regarding petitioner's failure to follow through with the case plan or other rehabilitative efforts was also based on substantial evidence and supports the finding that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect in the near future. Per the terms of her improvement period, petitioner was required to "maintain sobriety from alcohol and narcotic drugs and illegal drugs," participate in drug screening "as directed by the DHHR," refrain from associating "with people . . . who continue to use/abuse drugs and alcohol," refrain from

(continued . . . )

4

Further, we find no error with regard to petitioner's claim that the circuit court's findings that disposition under West Virginia Code § 49-4-604(b)(5) was inappropriate or that termination of petitioner's parental rights was in the children's best interests. In essence, petitioner argues that disposition under West Virginia Code § 49-4-604(b)(5) was appropriate because she was complying with the requirements of her improvement period and simply needed additional time to remedy the conditions of abuse and neglect. We do not agree. As set forth above, despite some compliance, petitioner was unsuccessful in her improvement period. Although the circuit court previously granted her an extension, it is clear that there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected in the near future. Accordingly, affording petitioner additional time would have simply delayed permanency for the children. Indeed, "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened." *Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4, in part (quoting syl. pt. 1, in part, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)). Here, it is clear that the children's welfare required termination of petitioner's parental rights based on her failure to remedy the conditions of abuse and neglect.

This Court has routinely held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Indeed, West Virginia Code § 49-4-604(b)(6) permits the termination of parental rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and when necessary for the children's welfare. As outlined above, the record contains ample evidence to support these findings. As such, we find no error in the circuit court's termination of petitioner's parental rights.

---

breaking any state or federal law and "remain out of jail," and "maintain honest and forthcoming communication and involvement in this case," among other requirements. The evidence in this case shows that while petitioner did comply with some aspects of her improvement period, she did not comply with any of the terms or conditions listed above. Petitioner continued to abuse drugs, failed to fully comply with the drug screening process, associated with individuals who used drugs, was alleged to have broken the law by possessing drugs, and was dishonest regarding the domestic violence incident that the father was alleged to have perpetrated. Accordingly, we find no error in the circuit court's finding in this regard or in that finding serving as the basis for the conclusion that there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 5, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: April 19, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

6